**AFFIRM; Opinion issued January 31, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01435-CR

### JAMES LAWRENCE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 6
Collin County, Texas
Trial Court Cause No. 006-86027-2010

## OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion By Justice Lang-Miers

Appellant James Lawrence was charged with driving while intoxicated. After the trial court

denied his pretrial motion to suppress, appellant pleaded guilty and was sentenced to 180 days in jail,

probated for 18 months, and assessed a $500 fine. Appellant raises one issue on appeal arguing that

the trial court erred when it denied his motion to suppress. We affirm.

### BACKGROUND

Appellant filed a pretrial motion to suppress and the trial court held a hearing on that motion

at which the arresting officer testified. Before the hearing, appellant's counsel informed the trial

court that the only issue in dispute was the reasonableness of the traffic stop that led to appellant's

arrest for DWI.

Officer Garrett Courtney testified about the circumstances leading up to appellant's traffic stop. Officer Courtney testified that he has been employed by the Allen Police Department for six years and that he is currently a school resource officer and a K-9 officer. He has been trained on the requirements for stopping a driver for speeding and has issued speeding tickets. He is certified in the use of radar and is trained to visually estimate speeds within a couple of miles per hour. On the night of the offense Officer Courtney was patrolling in his K-9 vehicle. At approximately 2:00 a.m., he saw appellant's vehicle traveling in the opposite direction at an unsafe speed. Appellant was driving approximately 50 miles per hour near another vehicle on a road where the posted speed limit is 35 miles per hour. Officer Courtney explained, "The violation that I observed at the time was an unsafe speed based upon the speed of the vehicle coming around a corner where there was another vehicle in the middle lane of traffic." The video from Officer Courtney's dashboard camera showing appellant driving in the opposite lanes of traffic past Officer Courtney's vehicle, followed by Officer Courtney turning his vehicle around and pulling appellant over, was introduced into evidence without objection as State's Exhibit 1.

After the State presented its evidence, appellant's counsel argued that Officer Courtney's testimony did not establish a traffic violation because his approximation of appellant's speed did not constitute "specific, articulable testimony." The trial court disagreed and denied appellant's motion to suppress. In support of its ruling the trial court issued the following findings of fact and conclusions of law[1]:

FINDINGS OF FACTS

F1.    Per agreement between the attorneys for the State and the defendant, the sole issue at the suppression hearing was whether or not there was reasonable suspicion to stop the defendant's vehicle.

---

[1] We quote the findings and conclusions verbatim but have omitted the trial court's citations to the reporter's record.

F2.     Officer Garret Courtney is a certified peace officer in the State of Texas employed as a police officer with The City of Allen.

F3.     Officer Courtney never lost sight of the vehicle.

F4.     Officer Courtney stated the defendant was stopped due to the unsafe speed he was traveling given the conditions.

F5.     Traffic stops are the function of Officer Courtney's patrol and he has been trained on what is required for a citizen to be stopped for speeding.

F6.     It was clearly visible on the video evidence presented that the defendant over took the other traffic on the road in the curve of the roadway and that he was clearly speeding in relation to that other vehicle traveling in the middle lane of traffic at two o'clock in the morning.

F7.     The Court finds that Officer Courtney's testimony is credible and congruent with the video entered as State's Exhibit No. 1.

CONCLUSIONS OF LAW

C1 .    There was a reasonable suspicion and probable cause to stop the automobile based upon what the Court in fact did review from State's Exhibit No. 1, up to the stop.

C2.     The defendant's use of his high beams is not part of the Court's ruling.

C3.     The defendant was in fact traveling at an unsafe speed given the conditions and Office[r] Courtney was credible.

C4.     When the video initially starts, the defendant was clearly behind another vehicle and by the time the officer turned around the defendant was well down the road past the other car that was on the road in the curve.

C5.     The defendant was not traveling at a reasonable and prudent speed given the time of night, the traffic conditions and that curve in the road and was therefore unsafe.

C6.     With regards to the speeding, there was no pacing, radar or LIDAR; therefore, the officer made an estimation of the speed. Officer Courtney visually estimated that the defendant was traveling in excess of the posted 35 miles per hour speed limit.

C7.     The holding of the *Ford* case tendered to the Court by Defense Co-Counsel dealt with conclusory statements made from the testifying officer regarding the offense of following too closely. That is not the case at hand. State's Exhibit No. 1, the video of the stop, supported the officer's testimony that

based upon the totality of the circumstances, the defendant was traveling at an unsafe speed given the conditions.

## APPLICABLE LAW AND STANDARD OF REVIEW

To justify a traffic stop, an officer must have reasonable suspicion. "Reasonable suspicion exists when an officer is aware of specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged in or is (or soon will be) engaging in criminal activity." *Hamal v. State*, PD-1791-11, 2012 WL 3965358, at *2 (Tex. Crim. App. Sept. 12, 2012). Here, the alleged criminal activity was the traffic violation of driving at an unsafe speed. *See* TEX. TRANSP. CODE ANN. § 545.351 (West 2011).

When reviewing a trial court's ruling on a motion to suppress, we "must apply a standard of abuse of discretion and overturn the trial court's ruling only if it is outside the zone of reasonable disagreement." *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.*

## ANALYSIS

Appellant argues that there was no evidence presented "as to each and every element required to prove a speeding case." To support that argument, appellant relies upon section 543.010 of the transportation code, which states that a complaint and summons or notice to appear on a charge of speeding must state (1) the applicable maximum or minimum speed limit, and (2) the speed limit at which the defendant is alleged to have driven. *See* TEX. TRANSP. CODE ANN. § 543.010 (West 2011). Appellant, however, was not ultimately charged with speeding—he was charged with driving while intoxicated after being stopped for traveling at an unsafe speed. As a result, the requirements

of section 543.010 do not apply. Instead, we look at whether the record supports a finding that Officer Courtney had reasonable suspicion to justify a traffic stop for traveling at an unsafe speed.

Under the transportation code, "[a]n operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing." TEX. TRANSP. CODE ANN. § 545.351(a). Driving at a speed in excess of the speed limit "is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful." *Id.* § 545.352(a). In this case Officer Courtney testified that appellant was driving approximately 50 miles per hour in a 35-mile-per-hour zone.

Appellant argues that "there is no objective evidence" to support Officer Courtney's testimony that appellant was traveling at an unsafe speed. To support his argument appellant relies on *Ford v. State*, 158 S.W.3d 488 (Tex. Crim. App. 2005). *Ford* is distinguishable. In that case the defendant was stopped for failure to maintain a proper following distance and later charged with felony possession of a controlled substance. The defendant filed a motion to suppress challenging the reasonableness of the stop. During the hearing on the defendant's motion the arresting officer testified that while he was driving directly behind the defendant he observed the defendant following the car in front of him "too close." The arresting officer did not give any other information about the circumstances leading up to the stop, including any information about the defendant's speed or the distance between the vehicles in question. Nevertheless, the trial court denied the motion to suppress. On appeal the Texas Court of Criminal Appeals concluded that, even when viewing the evidence in the light most favorable to the trial court's ruling, the record did not support the trial court's finding of reasonable suspicion because there were no specific, articulable facts that would allow the arresting officer to objectively determine that the defendant was violating a traffic law. *Ford*, 158 S.W.3d at 493.

By contrast, in this case Officer Courtney testified that appellant was traveling at approximately 50 miles per hour in a 35-mile-per-hour zone. This is a specific articulable fact that justifies a traffic stop for traveling at an unsafe speed. *See, e.g., Hesskew v. Tex. Dep't of Pub. Safety*, 144 S.W.3d 189, 191 (Tex. App.—Tyler 2004, no pet.) ("When a law enforcement officer observes a vehicle traveling what he believes to be fifteen miles over the posted speed limit, a traffic stop is justified.").

We conclude that the trial court's ruling denying appellant's motion to suppress is reasonably supported by the record and applicable law.

## CONCLUSION

We resolve appellant's sole issue against him and affirm.

ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111435F.U05

—6—



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES LAWRENCE, Appellant

No. 05-11-01435-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law No. 6 of Collin County, Texas. (Tr.Ct.No. 006-86027-2010).
Opinion delivered by Justice Lang-Miers, Justices Myers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered January 31, 2013.


_____
ELIZABETH LANG-MIERS
JUSTICE